**UNITED STATES of America,
Appellee,**

v.

**Min Kim LEE, Defendant,**

**In Suk Chang, Ky Hyuk Kim, and Dae Young Jeong, Defendants–
Appellants.**

**Nos. 01–1044(L), 01–1045(Con),
01–1061(Con).**

United States Court of Appeals,
Second Circuit.

Nov. 21, 2001.

Frank T. Geoly, Brooklyn, NY, on submission, for appellant Chang.

Barry Gene Rhodes, Brooklyn, NY, on submission, for appellant Kim.

Pamela Chen, Assistant United States Attorney, Brooklyn, NY; Susan Corkery, Assistant United States Attorney, on the brief, for Alan Vinegrad, United States Attorney for the Eastern District of New York, on submission, for appellee.

Present FEINBERG, CARDAMONE, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Defendants In Suk Chang and Ki Hyuk Kim appeal from a judgment entered in the United States District Court for the Eastern District of New York (Gershon, *J.*) following their pleas of guilty to two counts each of extortion under the Hobbs Act, 18 U.S.C. § 1951. The charges stemmed from threats issued by defendants in relation to a car service and liquor business which they operated. The evidence showed, among other incidents, that on the night of January 11, 2000, defendants and their subordinates paid a visit to the Northern Northern Restaurant and threatened and assaulted several of the restaurant's employees for not utilizing defendant's services. On May 31, 2000, the day trial was set to begin, Defendants Chang and Kim pled guilty to Count One of the indictment. Defendant Chang was sentenced principally to a prison term of 121 months; defendant Kim was sentenced principally to a prison term of 97 months.

At various times, Chang communicated with the district court questioning how his actions could be deemed extortion. Chang claims that the district court's decision to deny him a two-level downward departure for acceptance of responsibility under U.S.S.G. § 3E1.1 was improperly based on its conclusion that this questioning reflected a failure to accept responsibility, rather than, as Chang contends, confusion resulting from his Korean background and unfamiliarity with the American legal system. A district court's decision not to grant a downward adjustment for acceptance of responsibility is accorded great deference and will not be reversed unless it can be shown that the decision was

without foundation. U.S.S.G. § 3E1.1 cmt. n. 5 (2000); *United States v. Volpe*, 224 F.3d 72, 75 (2d Cir.2000). The district court had ample basis for its decision. In a letter to the district court, Chang claimed that the incidents at the Northern Northern were a "simple battery" committed "under the influence of alcohol." Chang thus was not merely questioning the legal significance of his conduct but denied responsibility for a key element of the crime—namely, that he was attempting to gain business through his threats. This denial was completely unrelated to his Korean background and provided foundation for the district court's decision to deny Chang an acceptance of responsibility adjustment.

Chang also claims that the district court's decision to sentence him to the maximum guideline sentence constitutes an abuse of discretion because it was based on general deterrence to the exclusion of adequate consideration of individual factors. Given that a district court's imposition of a sentence within the applicable guideline range generally cannot be appealed, and Chang's sole challenge to the district court's guideline range calculation having been rejected, this claim is not reviewable. *United States v. Soliman*, 889 F.2d 441, 443 (2d Cir.1989). Even if it were, we find no error below. The district court gave adequate consideration to individual factors by noting Chang's brutal conduct during the assault of Ki Young Sung and his lack of remorse or concern for the victims of his conduct.

■ Defendant Kim argues that the district court erred in imposing a two-level sentence enhancement under U.S.S.G. § 3B1.1 for his supervisory role in the underlying extortion. A district court's interpretation and application of the Sentencing Guidelines is reviewed *de novo*, while the underlying factual findings supporting the application are reviewed for clear error. *United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001). A defendant plays a supervisory role in an offense if the defendant "exercise[s] some degree of control over others involved in the commission of the offense or play[s] a significant role in the decision to recruit or to supervise lower-level participants." *Ellerby v. United States*, 187 F.3d 257, 259 (2d Cir.1998) (internal citations and quotation marks omitted). Kim argues that the district court incorrectly inferred from the fact that he was a supervisor in the car service that he also occupied a supervisory role in the activities of the extortion conspiracy. It is clear from the record, however, that the district court properly focused on Kim's leadership role in the extortionate activity itself, and the court's findings in this regard are not clearly erroneous, supported by, *inter alia*, the fact that Kim told the primary victim of the Northern Northern assault, Ki Young Sung, that he should have "paid attention" and utilized their car service, and the statements of co-defendants Min Kim Lee and Dae Young Jeong that they looked up to Kim and Chang as "big brothers."

■ Defendants also contest the district court's finding that Sung suffered serious bodily harm, thus warranting a four-level enhancement under U.S.S.G. § 2B3.1(b)(3)(B). The Sentencing Guidelines define "serious bodily harm" as "injury involving extreme physical pain or protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1 cmt. n. 1(j) (2000). Defendants challenge Sung's competence to testify to his medical condition, but even without expert medical testimony, Sung was certainly competent to testi-

fy to his ten-day hospitalization and nearly year-long hearing impairment, either of which is sufficient to meet the above definition. We find no error in the district court's imposition of this enhancement.

We have considered all of the contentions made by defendants and, finding no error, affirm the judgment of the district court.