**Todd ELLERBY, Petitioner–Defendant–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 97–2868.

United States Court of Appeals, Second Circuit.

Argued Sept. 28, 1998.

Decided Oct. 28, 1998.

**258**

Michael S. Pollok, New York City, for petitioner-defendant-appellant.

Peter A. Norling, Assistant United States Attorney, Eastern District of New York, Brooklyn, N.Y. for Zachary W. Carter, United States Attorney for the Eastern District of New York (David C. James, Assistant United States Attorney, of counsel), for respondent-appellee.

Before: CALABRESI and STRAUB, Circuit Judges, and TSOUCALAS, Judge.*

PER CURIAM.

Todd Ellerby appeals from a judgment of the United States District Court for the Eastern District of New York (Reena Raggi, *District Judge*), convicting him, after a jury trial, of one count of conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951,[1] three counts of post office robbery in violation of 18 U.S.C. § 2114, and three counts of using and carrying firearms during and in relation to crimes of violence in violation of 18 U.S.C. § 924(c), and sentencing him to terms of incarceration totaling 52 years and three months. On his direct appeal, Ellerby raises two claims: (1) that the District Court improperly enhanced the base offense level for his sentence three levels for his role as a supervisor, and (2) that, for various reasons other than those raised in his § 2255 petition, trial counsel was ineffective. Ellerby also appeals from orders denying his petition and amended petition pursuant to 28 U.S.C. § 2255 to vacate the judgment of conviction based on ineffective assistance of counsel.[2] For the reasons set

---

* The Honorable Nicholas Tsoucalas, Senior Judge of the United States Court of International Trade, sitting by designation.

1. Count One of the Indictment alleges facts sufficient to establish a conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and the judgment indicates that Ellerby was convicted of this count. However, the judgment refers to Count One as a "conspiracy to commit robbery" in viola-

tion of 18 U.S.C. § 1959, which prohibits violent crimes in aid of racketeering activity. Assuming that this discrepancy is merely a clerical error, the District Court is directed to correct the judgment on remand pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

2. Ellerby previously appealed the judgment of conviction and sentence and the denial of his initial § 2255 petition to this Court. *See Unit-*

forth below, we affirm the judgment of conviction and sentence, but without deciding the § 2255 appeal, we remand the § 2255 petition to the District Court to allow Ellerby to amend his petition again to include the ineffective assistance claim he raises in his direct appeal.

■ On his direct appeal, Ellerby first contends that the District Court erred at sentencing when it enhanced his base offense level by three levels for his role as a "supervisor" in the offenses. United States Sentencing Guideline § 3B1.1(b) provides for a three-level enhancement "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S. Sentencing Guidelines Manual § 3B1.1(b) (1996). The Guidelines do not define the term "supervisor," but we have held that

> [a] defendant acts as a "manager or supervisor" of a criminal enterprise involving at least five participants if he "exercise[s] some degree of control over others involved in the commission of the offense," United States v. Liebman, 40 F.3d 544, 548 (2d Cir.1994) (internal quotes omitted), or "play[s] a significant role in the decision to recruit or to supervise lower-level participants," United States v. Greenfield, 44 F.3d 1141, 1147 (2d Cir.1995).

United States v. Payne, 63 F.3d 1200, 1212 (2d Cir.1995), cert. denied, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996). After reviewing the record, we conclude that the District Court did not clearly err in its factual findings as to Ellerby's managerial or supervisory role. See United States v. Rivera, 971 F.2d 876, 893 (2d

Cir.1992) ("The court's determination as to the defendant's role [under a similar provision of U.S.S.G. § 3B1.1] is a question of fact subject to the clearly erroneous standard."). We also conclude that the District Court's remarks at sentencing adequately delineated the factual basis for the enhancement. See United States v. Stevens, 985 F.2d 1175, 1184 (2d Cir.1993) ("In enhancing a defendant's sentence based on his role in the offense, a district court must make specific factual findings as to that role."). Accordingly, we reject Ellerby's sentencing challenge.

■ Ellerby's second argument on direct appeal is that he received ineffective assistance of counsel because his trial counsel (1) interjected evidence of other crimes, (2) failed to review government exhibits prior to trial, and (3) failed to subpoena alibi witnesses. In Billy–Eko v. United States, 8 F.3d 111 (2d Cir.1993), we held that ineffective assistance claims can and should be brought on direct appeal where (1) as here, the defendant has new appellate counsel on direct appeal, and (2) "the record is fully developed on the ineffective assistance issue." Id. at 115. If an ineffective assistance claim brought on direct appeal is not plausible, we can reject it without any further factual development. See United States v. Stantini, 85 F.3d 9, 20 (2d Cir.) ("Because [defendant-appellant] Bisaccia has failed to raise a plausible ineffectiveness claim, there is no need for further factual development in the district court."), cert. denied, 519 U.S. 1000, 117 S.Ct. 498, 136 L.Ed.2d 390 (1996).

■ However, in this case, the record is not fully developed on the ineffective assistance issue, and Ellerby's claim is not frivolous. In Billy–Eko, we recognized

ed States v. Ellerby, 116 F.3d 1472, Nos. 96–1008, 96–3709, 1997 WL 346168, at *1 (2d Cir. June 24, 1997) (Table). While the appeal was pending, Ellerby discovered that his trial counsel had been suspended from the roll of attorneys admitted to practice before the United States District Court for the Eastern District of New York at the time he tried Ellerby's case. See id. Accordingly, we re-

manded the case to the District Court to allow Ellerby to amend his § 2255 petition to incorporate an ineffective assistance claim based on the newly discovered information. See id. Our prior summary order gave Ellerby permission to reassert all of the claims raised in his initial appeal should he appeal the District Court's decision on remand. See id.

that ineffective assistance claims may "require[ ] consideration of matters outside the record on direct appeal" where, for example, they are "based on assertions that trial counsel made errors of omission, errors that are difficult to perceive from the record: for example, neglecting to call certain witnesses or introduce certain evidence." 8 F.3d at 114. In this case, Ellerby has identified questionable conduct by his trial attorney, but it is impossible to evaluate whether Ellerby has shown cause or prejudice under the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), without first hearing the attorney's account of why he conducted Ellerby's defense at trial in the manner that he did. *Cf. Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir.1998) (per curiam) ("We believe that a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs.").

In light of the incomplete state of the record, we are not willing to rule on the ineffective assistance claim at this time. *See United States v. Salameh*, 152 F.3d 88, 160–61 (2d Cir.1998) ("[T]he *Billy–Eko* doctrine is discretionary, and, given the baseline aversion to resolving ineffectiveness claims on direct review, *see, e.g., United States v. Workman*, 80 F.3d 688, 701 (2d Cir.1996), it should not be invoked lightly."); *Billy–Eko*, 8 F.3d at 116 (suggesting that where the record is incomplete, this Court may "either remand the claim to the district court or leave the defendant to his post-conviction remedies

by declining to rule on the claim").[3] Instead, we remand the case to the District Court with instructions to permit Ellerby to amend his § 2255 petition to include this claim. The District Court is directed to hold a hearing on the claim, during which it should hear testimony from Ellerby's trial counsel and receive any other evidence it deems appropriate. For example, the District Court should consider whether the prior testimony of Ellerby's sister as to trial counsel's attempts to contact witnesses sheds any light on Ellerby's allegation that trial counsel failed to subpoena alibi witnesses. *See* Transcript of November 20, 1996 Hearing at 4–7.

Because we are remanding to allow Ellerby to amend his § 2255 petition, we decline to address at this juncture the ineffective assistance claims raised thus far in the petition—specifically, the allegations that Ellerby received ineffective assistance because trial counsel failed to inform him of the consequences of an adverse verdict and because trial counsel had been stricken from the Eastern District Roll of Attorneys at the time of trial. We believe it is appropriate to reserve decision on all aspects of the § 2255 petition until the District Court has completed its consideration of the petition in its entirety.

## CONCLUSION

The District Court's judgment of conviction and sentence is affirmed, and Ellerby's § 2255 petition is remanded to the District Court for further proceedings consistent with this opinion.

<hr>

3. Typically, in such situations, we have preferred consideration of the claim through postconviction remedies such as § 2255 to a direct remand. *See, e.g., Salameh*, 152 F.3d at 160–61; *Workman*, 80 F.3d at 701. Whether this preference remains appropriate, in light of the severe restrictions on such collateral remedies imposed by the Antiterrorism and Effective Death Penalty Act, *see* 28 U.S.C. § 2244, is an open question. *Cf. Adams v.*

*United States*, 155 F.3d 582, 582–584 (2d Cir. 1998) (altering our practice with respect to recharacterizing prisoner filings as § 2255 motions in light of AEDPA's limitations on habeas petitions). Since, in the instant case, Ellerby has already brought a § 2255 petition to which his current claim can be attached, and hence his rights would not be affected by our traditional practice, we decline to address the question.