**UNITED STATES of America,
Appellee,**

v.

**Benjamin HUNPATIN, also known as Benny, also known as Benedict Godoni Hunpatin, also known as Olujide Kolawole, also known as Charles Cork, Jr., also known as Keneth Honnett, also known as Thomas Walton, Defendant–Appellant.**

**Docket No. 01–1639.**

United States Court of Appeals,
Second Circuit.

July 8, 2002.

Nina Beattie, New York, N.Y. (Susan E. Brune, on the brief), for Appellant.

Gary Stein, Assistant United States Attorney for the Southern District of New York, New York, N.Y. (James B. Comey, United States Attorney for the Southern District of New York, Meir Feder, Assistant United States Attorney, on the brief), for Appellee.

Present JACOBS, LEVAL and KATZMANN, Circuit Judges.

### SUMMARY ORDER

Appeal from the United States District Court for the Southern District of New York (Schwartz, J.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Olujide Kolawole, also known as Benedict Hunpatin, appeals from his conviction and sentence of 46 months, entered by the district court for the Southern District of New York (Schwartz, J.). Kolawole pled guilty to conspiracy to utter forged securities and to transport stolen property in interstate or foreign commerce, in violation of 18 U.S.C. § 371. The plea agreement (*inter alia*) stipulated: "Because the defendant was in the business of receiving and selling stolen property, namely, stolen checks, a 4–level increase in offense level is required pursuant to [U.S.S.G.] Section 2B1.1(b)(4)(B)."

On appeal, Kolawole challenges [1] the district court's application of the so-called "fencing" enhancement, and [2] the court's *sua sponte* application of a three-level enhancement for Kolawole's managerial role, pursuant to U.S.S.G. § 3B1.1.

1. We do not reach the merits of Kolawole's challenge to the "fencing" enhancement; Kolawole stipulated to the plea agreement and makes no challenge to the binding nature of the stipulation, the plea agreement as a whole, or (more generally)

his plea. "If a written plea agreement is unambiguous as a matter of law, and there is no suggestion of government overreaching of any kind, the agreement should be interpreted and enforced accordingly. Neither side should be able, any more than would be private contracting parties, unilaterally to renege or seek modification simply because of uninduced mistake or change of mind." *In re Altro*, 180 F.3d 372, 377 (2d Cir.1999) (internal quotation marks, emphasis, and alterations omitted); *see also United States v. Difeaux*, 163 F.3d 725, 728 (2d Cir.1998); *United States v. Alexander*, 869 F.2d 91, 94 (2d Cir.1989).

2. As to the enhancement for Kolawole's managerial role, § 3B1.1 provides that a three-level enhancement is applicable "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). "[A] defendant acts as a 'manager' or 'supervisor' of a criminal enterprise involving at least five participants if he exercises some control over others involved in the commission of the offense, or plays a significant role in the decision to recruit or to supervise lower-level participants." *Ellerby v. United States*, 187 F.3d 257, 259 (2d Cir.1998) (internal quotation marks, citations, and alterations omitted).

The district court found (*inter alia*) that Kolawole oversaw and recruited several accomplices throughout the United States and abroad, and otherwise helped to expand the conspiracy's operations. None of these findings were clearly erroneous, and it therefore was no abuse of discretion for the district court to conclude based on these findings that Kolawole merited the role enhancement.

For the reasons set forth above, the judgment of the district court is AFFIRMED.