**UNITED STATES of America,**
**Appellee,**

v.

**Ecclesiastes ROBINSON, also known as E. Robinson, Defendant–Appellant.**

**Docket No. 01–1609.**

United States Court of Appeals, Second Circuit.

Dec. 16, 2002.

Robert E. Nicholson, New York, NY, for Appellant.

Judith Philips, Assistant United States Attorney for the Eastern District of New York, New York, NY, for Appellee.

Present: F.I. PARKER, STRAUB, and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Defendant-appellant Ecclesiastes Robinson appeals from the district court's November 21, 2001, judgment adjudging him guilty, after a jury trial, of conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846. Robinson challenges one of the district court's evidentiary rulings, and claims that he was denied effective assistance of counsel at trial.

Robinson argues that the district court improperly limited the scope of his counsel's cross-examination of Jacqueline Hierbe, a key prosecution witness. Robinson's trial counsel was allowed to question Hierbe about her extensive involvement in the drug operation, the difference between her trial testimony and her allocution, and the details of her plea agreement. Based on this testimony, the jury was certainly "in possession of facts sufficient to make a 'discriminating appraisal' of the particular witness's credibility." *See United States v. Rosa,* 11 F.3d 315, 336 (2d Cir.1993). The district court's decision to foreclose further questioning of a type that it considered (and defense counsel later agreed was) misleading was not an abuse of discretion.

Robinson also argues that he was denied effective assistance of counsel. As a general rule, this Court is "reluctant to address ineffectiveness claims on direct review." *United States v. Salameh,* 152 F.3d 88, 160 (2d Cir.1998). However, this Court may do so when the defendant: (1) "has a new counsel on appeal"; and (2) "argues no ground of ineffectiveness that is not fully developed in the trial record." *United States v. Williams,* 205 F.3d 23, 35 (2d Cir.2000).

After consideration of its merits, we reject Robinson's ineffective assistance claim. *See, e.g., Ellerby v. United States,* 187 F.3d 257, 259 (2d Cir.1998) ("If an ineffective assistance claim brought on direct appeal is not plausible, we can reject it without any further factual development." (citing *United States v. Stantini,* 85 F.3d 9, 20 (2d Cir.1996))). Decisions by trial counsel about how and when to engage in cross-examination are strategic in nature and, thus, "if reasonably made, cannot support an ineffective assistance

claim." *United States v. Eisen,* 974 F.2d 246, 265 (2d Cir.1992) (internal quotation omitted). Robinson argues that his trial counsel erred by not cross-examining two witnesses and only briefly cross-examining a third. After reviewing the trial transcript and Robinson's suggested lines of cross-examination, we find that trial counsel's failure to pursue them does not fall below *Strickland*'s "objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

For the reasons stated above, the judgment of the district court is AFFIRMED.