UNITED STATES of America,
Appellee,

v.

Santiago BERMUDEZ, Bahman Radfar, also known as William, also known as Bill, also known as Will, Nizar Kharfan, Ramez Karaawi, also known as Ramir, Martha Gallego, Sandra Kharfan, Amin Omar Said, for Defendants,

Jamal Fakih, Hossein Radfar, also known as Ban, Nadir Kharfan, Khalil Kharfan, also known as Abul Hin, also known as Boualhen, Ahmad Issa, for Defendants—Appellants.

Docket Nos. 02–1699–L, 03–1169–CON, 03–1232–CON, 03–1345–CON, 03–1669–CON.

United States Court of Appeals, Second Circuit.

June 29, 2005.

David L. Lewis, Lewis & Fiore, New York, New York, for Defendant–Appellant Jamal Fakih.

Vivian Shevitz, South Salem, New York, for Defendant–Appellant Hossein Radfar.

David S. Zapp, New York, New York, for Defendant–Appellant Nadir Kharfan.

Lucas E. Andino, Law Office of Ivan S. Fisher, New York, New York, for Defendant–Appellant Khalil Kharfan.

Daniel A. Hochheiser, Hochheiser & Hochheiser, LLP, New York, New York, for Defendant–Appellant Ahmad Issa.

Boyd M. Johnson, III, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, on the brief, Lauren Goldberg, Adam B. Siegel,) New York, New York, for Appellee, of counsel.

Present: WALKER, Chief Judge, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be **AFFIRMED IN PART,** that the appeal be **DISMISSED IN PART,** and that the case be **REMANDED IN PART** for further proceedings consistent with this order.

Defendants-appellants Hossein Radfar ("Radfar") and Ahmad Issa ("Issa") appeal from judgments of conviction entered on March 28, 2003 and September 26, 2003, respectively, in the United States District Court for the Southern District of New York, following a five-day jury trial. Jamal Fakih ("Fakih"), Nadir Kharfan ("Nadir"), and Khalil Kharfan ("Khalil") appeal from judgments of conviction entered on October 25, 2002, July 30, 2003, and May 29, 2003, respectively, in the United States District Court for the Southern District of New York, following their guilty pleas. All five defendants-appellants were convicted of participating in a conspiracy to launder money in violation of Title 18, United States Code, Section 1956(h) (Supp. III 2003). Familiarity by the parties is assumed as to the facts, the procedural

context, and the specification of appellate issues.

Radfar argues on appeal: (1) that the evidence was insufficient to support his conviction, (2) that the district court erred in denying his application for a downward departure for "aberrant conduct" and (3) for a downward adjustment for his role as a "minor participant," (4) that the district court erred in refusing to apply § 2X1.1 of the Sentencing Guidelines, (5) that the district court erred by admitting plea allocutions of three co-conspirators, and (6) that this Court should remand according to United States v. Crosby, 397 F.3d 103 (2d Cir.2005). We find Radfar's first five arguments to be without merit, but, because we agree with his last argument, we remand for further proceedings in accordance with Crosby.

First, we note that the jury's verdict must be sustained if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Therefore, a defendant challenging "the sufficiency of the evidence bears a heavy burden." United States v. Diaz, 176 F.3d 52, 89 (2d Cir.1999). Radfar failed to meet this burden. The evidence presented by the prosecution was sufficient for a reasonable jury to find Radfar guilty of conspiring to commit money laundering.

With regard to Radfar's second argument, we find that the district court's decision to deny him a downward departure for aberrant conduct is not reviewable by this court. "A sentencing court's refusal to grant a departure is not appealable unless the court committed an error of law or was unaware of its power to depart." United States v. Fernandez, 127 F.3d 277, 282 (2d Cir.1997); see also United States v. D'Oliveira, 402 F.3d 130, 133 (2d Cir. 2005) (concluding that the advisory nature

of Guidelines does not render the denial of a downward-departure decision reviewable). There is no reason to believe the district court misunderstood its authority in this case or committed an error of law.

Third, Radfar challenges the district court's refusal to make a downward sentence adjustment as a consequence of what he terms his minor role in the offense charged. We review the district court's factual findings with respect to a mitigating role adjustment for clear error, but review de novo the court's determination that these findings support the application of the adjustment. See United States v. Carpenter, 252 F.3d 230, 234 (2d Cir.2001); see generally United States v. Vasquez, 389 F.3d 65 (2d Cir.2004). Because the evidence demonstrated that Radfar played a significant and integral role with respect to the criminal conduct for which he was sentenced, we find there was no error here.

Fourth, Radfar contends the district court should have applied U.S.S.G. § 2X1.1 to his conspiracy violation under 18 U.S.C. § 1956(h). Section 2X1.1 provides conditions for a three-level downward adjustment for certain conspiracy offenses but instructs, "When a ... conspiracy is expressly covered by another offense guideline section, apply that section." U.S.S.G. § 2X1.1(b)(2). U.S.S.G. § 2S1.1 lists 18 U.S.C. § 1956 as a relevant statutory provision. Yet, the application note to § 2X1.1 does not include § 2S1.1 as an expressly-covered provision, and § 2S1.1 has no conspiracy-related language. While United States v. Skowronski, 968 F.2d 242, 249–50 (2d Cir.1992), suggests that § 2S1.1 might "expressly cover[ ]" conspiracies, United States v. Amato, 46 F.3d 1255, 1259–62 (2d Cir.1995), suggests it does not.

■ We need not resolve this tension. Section 2X1.1 provides no downward adjustment where a defendant or one of his co-conspirators has "completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense" or where "the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control." U.S.S.G. § 2X1.1(b)(2). Here, Radfar would have consummated the money-laundering offense but for the Government's apprehension of a co-conspirator. *See United States v. Downing*, 297 F.3d 52, 61–62 & n. 3 (2d Cir.2002). Therefore, Radfar was not entitled to the § 2X1.1 adjustment in any event, and any error by the district court in applying § 2S1.1 was harmless.

■ Fifth, Radfar along with co-defendant Issa contest the admission of three co-conspirators' plea allocutions. They contend, and the Government concedes, that their admission was error under the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We agree that the admission of the plea allocutions violated defendants' rights under the Confrontation Clause, U.S. CONST. amend. VI. However, even assuming *arguendo* that defendants properly objected to the admission of the allocutions, we find the admission to be harmless beyond a reasonable doubt. A constitutional violation "does not necessitate a new trial as long as the government can show beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *United States v. McClain*, 377 F.3d 219, 222 (2d Cir.2004). Given that the plea allocutions of the co-conspirators were admitted only to prove the existence of the money laundering conspiracy, and taking into account the substantial evidence of the conspiracy introduced during trial, we find the admission of the statements to be harmless error.

Finally, Radfar contends that this Court should remand pursuant to *Crosby*. We agree and remand accordingly.

On appeal, Issa, in addition to pressing his Sixth Amendment claim as discussed above, argues: (1) that the admission of expert testimony violated the Confrontation Clause of the Sixth Amendment or "usurped the exclusive power of the court to instruct the jury on the law governing the case," (2) that the district court denied him due process by failing to investigate sufficiently the conduct of a "sleeping" juror, (3) that the district court addressed inappropriate remarks to the jury during defense counsel's summation, (4) that he received ineffective assistance of counsel, and (5) that this Court should remand according to *Crosby*. We find each of the first four arguments to be without merit, but, because we agree with Issa's final argument, remand in accordance with *Crosby*.

The court has broad discretion to admit expert testimony where it believes it would be helpful to the jury, and its determination will not be set aside unless it was "manifestly erroneous." *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir.1994). Expert testimony has been admitted in money-laundering cases in this Circuit before. *See, e.g. United States v. Daccarett*, 6 F.3d 37 (2d Cir.1993); *United States v. All Funds on Deposit*, 801 F.Supp. 984, 997 (E.D.N.Y.1992). Although the "use of expert testimony is not permitted if it will usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it," *Duncan*, 42 F.3d at 101, no such usurpation took place here. Moreover, Issa did not object to

admission of the testimony, and the district court did not plainly err in admitting it.

Issa's next argument—that the district court failed to investigate sufficiently the "sleeping" juror and that this failure amounted to a denial of due process—is baseless. The district court has broad discretion to decide whether to remove a juror for cause. *See United States v. Purdy,* 144 F.3d 241, 247 (2d Cir.1998). In this case, Judge Martin addressed the juror to make sure that she was paying attention and granted a fifteen minute recess. At no point did Issa's counsel object to the juror's continued service or request that the juror be further questioned about her ability to serve. We find that the court did not abuse its discretion by failing, *sua sponte,* to remove the juror.

██ Issa next argues that the district court made an inappropriate remark to the jury when it sustained the Government's objection during his counsel's closing argument. The court precluded Issa's counsel from arguing that the Government manipulated the testimony of a cooperating witness and noted "the government's conduct is not at issue in this case." Because there was no evidence at the trial to support Issa's claim of prosecutorial misconduct, the court's remark was unfortunate but not inaccurate. In light of the overwhelming evidence of guilt at trial we find the court's remark did not cause substantial prejudice to Issa's case.

Fourth, Issa argues that he received ineffective assistance of counsel in violation of his Sixth Amendment right. This Court is "generally disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin,* 364 F.3d 438, 467 (2d Cir.2004). We may, however, address such claims on direct appeal when "their resolution is beyond any doubt or to do so would be in the interest of justice." *Unit-*

*ed States v. Khedr,* 343 F.3d 96, 100 (2d Cir.2003). In light of the fact that Issa cannot demonstrate that his counsel's performance was objectively deficient with regard to the conduct on which his claim is based, we find Issa's ineffective assistance of counsel argument to be without merit.

Finally, Issa contends that this Court should remand pursuant to *Crosby.* We agree and remand accordingly.

Defendant-appellant Fakih argues on appeal that he did not waive his right to appeal his sentence, that the district court's decision not to depart downwardly was error, and that he is entitled to a *Crosby* remand. It is well established that where a defendant has knowingly and voluntarily waived his right to appeal a sentence within a stipulated range, he may not subsequently appeal his sentence. *See United States v. Garcia,* 166 F.3d 519, 521 (2d Cir.1999); *see also United States v. Morgan,* 386 F.3d 376 (2d Cir.2004). Fakih's waiver was knowing and voluntary. We therefore dismiss his appeal. We also reject his argument that he is entitled to a *Crosby* remand. *See United States v. Morgan,* 406 F.3d 135 (2d Cir.2005).

Defendant-appellant Nadir argues on appeal: (1) that the district court's decision not to downwardly depart is reviewable and erroneous, based on an alleged disparity between his sentence and that of Fakih, (2) that the district court improperly imposed a role adjustment under U.S.S.G. § 3B1.1, and (3) that he should be re-sentenced under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We find Nadir's first two arguments without merit, but remand his case for further proceedings in conformity with *Crosby.*

██ With regard to Nadir's first argument, this Court has clearly held that "[d]isparity between the sentences of indi-

vidual co-defendants ... is not a proper basis for downward departure." *United States v. Tejeda,* 146 F.3d 84, 87 (2d Cir. 1998). The district court correctly concluded that it lacked the power to depart based on Nadir's allegation of sentencing disparity.

■ Nadir's next contention, that the district court improperly imposed a role adjustment for his "supervisory role" in the conspiracy, is unsupported by both the evidence and the law. To qualify as a "manager or supervisor," a defendant must "exercise[ ] some degree of control over others involved in the commission of the offense ... or play[ ] a significant role in the decision to recruit or to supervise lower-level participants." *United States v. Blount,* 291 F.3d 201, 217 (2d Cir.2002) (quoting *Ellerby v. United States,* 187 F.3d 257, 259 (2d Cir.1998)). The record—which contains evidence that Nadir recruited at least two participants into the organization, instructed others on how to transfer money, and had access to millions of dollars in drug money—sufficiently supports the district court's sentencing adjustment for a supervisory role.

Nadir's last argument is that, in light of *Booker,* this Court should vacate and remand his sentence. Following *Crosby,* we reject this argument but remand in accordance with that opinion.

Khalil raises two arguments. First, he argues that the district court improperly ordered the forfeiture of certain assets. We address this argument in a separate opinion issued today. Second, Khalil argues that this Court should remand his sentence in accordance with *Crosby.* We agree and remand accordingly.

For the foregoing reasons, we AFFIRM the judgment of the district court in part, DISMISS Fakih's appeal, that portion of Radfar's appeal that challenges the district court's refusal to depart, and that part of

Issa's appeal that alleges ineffective assistance of counsel, and REMAND the cases of Radfar, Issa, Nadir, and Khalil for further proceedings in accordance with *Crosby.* Any appeal taken from the district court following these remands may be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).