**UNITED STATES of America,**
**Appellee,**

v.

**Everton SPENCE, also known as Max, Defendant–Appellant.**

**No. 05–3038.**

United States Court of Appeals,
Second Circuit.

May 16, 2006.

Shannon Jones, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Susan Corkery, Assistant United States Attorney, on the brief), Eastern District of New York, Brooklyn, New York, for Appellee.

Michael J. Nedick, Bronx, New York, for Defendant–Appellant.

PRESENT: WILFRED FEINBERG, SONIA SOTOMAYOR, and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Defendant-appellant Everton Spence ("Spence") appeals from a June 9, 2004 judgment of conviction and sentence of the United States District Court for the Eastern District of New York (Irizarry, J.) that, *inter alia,* sentenced Spence to 78 months' imprisonment after Spence pleaded guilty to conspiring to import cocaine into the United States from Jamaica in violation of 21 U.S.C. §§ 963 and 960(b)(2)(B)(ii). We assume the parties' familiarity with the facts of the case, its procedural history, and the issues on appeal.

Spence challenges the district court's imposition of a three-level aggravating role enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.1(b).[1] We review factual determina-

---

1. Section 3B1.1(b) provides for a three-level role enhancement "[i]f the defendant was a manager or supervisor [in the criminal activity] (but not an organizer or leader) and the

tions about a defendant's role in a criminal activity under the clearly erroneous standard. *Ellerby v. United States,* 187 F.3d 257, 259 (2d Cir.1998). Legal determinations as to the applicability of the enhancement are reviewed *de novo. United States v. Liebman,* 40 F.3d 544, 547 (2d Cir.1994). "[D]isputed sentencing factors need only be proved by a preponderance of the evidence." *Id.*

Spence contends that he was "merely a part of this conspiracy" and played no managerial or supervisory role. A defendant acts as a "manager or supervisor of a criminal enterprise involving at least five participants if he exercise[s] *some degree of control* over others involved in the commission of the offense." *Ellerby v. United States,* 187 F.3d 257, 259 (2d Cir.1998) (internal quotations and citations omitted) (emphasis added). We agree with the district court that the evidence amply established that Spence exercised "some degree of control" over the two couriers who were to smuggle cocaine from Jamaica to New York. Spence picked up the couriers at the airport in Jamaica, arranged for their accommodations, arranged and facilitated the drug transaction itself, and acknowledged that he was the couriers' sole contact in Jamaica for purposes of the transaction.

Spence maintains that he cannot properly be called a "manager" or "supervisor" because he received less money than other participants and merely followed the orders of another. This argument is without merit. *See United States v. Duncan,* 42 F.3d 97, 106 n. 6 (2d Cir.1994) (noting that comparative analyses are irrelevant, since one conspirator's leadership role is not dispositive on the question of the role of another).

criminal activity involved five or more participants." *Id.* It is not disputed that there were

For the foregoing reasons, the judgment of the district court is AFFIRMED.

five participants in the drug conspiracy at issue.