09-3356-cr
United States v. Fisher

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of November, two thousand eleven.

PRESENT:
>        JOSEPH M. McLAUGHLIN,
>        ROBERT D. SACK,
>        PETER W. HALL,
>                *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

>        *Appellee*,

>        v.                                                            No. 09-3356-cr

GWAYNE FISHER,

>        *Defendant-Appellant*.

_____

FOR APPELLEE:                          S. DAVE VATTI, Assistant United States Attorney (Robert M. Spector, Assistant United States Attorney, *of counsel*) *for* David B. Fein, United States Attorney for the District of Connecticut, Hartford, CT.

FOR APPELLANT:                         BRIAN SHEPPARD, Esq. New Hyde Park, NY.

_____

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Kravitz, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Gwayne Fisher was found guilty, after a jury trial, of conspiracy to possess with the intent to distribute, and to distribute, 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846; possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and use of a telephone to facilitate a drug trafficking felony in violation of 21 U.S.C. § 843(b).  His sole claim on appeal is that his trial counsel rendered constitutionally ineffective assistance.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

We are generally disinclined to resolve ineffective assistance claims on direct appeal. *See United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004); *see also United States v. Salameh*, 152 F.3d 88, 161 (2d Cir. 1998) (noting our "baseline aversion to resolving ineffectiveness claims on direct review").  Nevertheless, direct review is not always foreclosed. "When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003).  This third option is appropriate where resolution is "beyond any doubt" or direct review is "in the interest of justice." *United States v. Hasan*, 586 F.3d 161, 170 (2d Cir. 2009) (internal quotation marks omitted); *see also Ellerby v.*

*United States*, 187 F.3d 257, 259 (2d Cir. 1998) (per curiam) (holding that resolution of ineffectiveness claim in direct review is appropriate where such claim is "not plausible"). This appeal presents such a case.

Reviewing Fisher's claim *de novo*, *see United States v. Stantini*, 85 F.3d 9, 16 (2d Cir. 1996), we conclude that he has failed to raise a plausible ineffectiveness claim because he cannot demonstrate that any alleged deficiencies in his trial counsel's performance deprived him of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("[D]efendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."); *see id.* at 695 ("[T]he question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.").

First, Fisher cannot demonstrate prejudice based on his trial counsel's failure to object to the fact that the transcripts of the intercepted phone calls identified him by name. Even if the transcripts had attributed statements to an "unidentified male," as opposed to Fisher himself, Colon, Fisher's source for drugs, repeatedly identified the voice in question as Fisher's and verified the contents of the telephone calls. Moreover, Fisher does not argue that his nickname, "Fruit" (a name that appears on the audio recordings in reference to Colon's interlocutor) would or should not have surfaced at trial. Finally, FBI Agent William Aldenberg confirmed that the voice Colon ascribed to Fisher was internally consistent among all of the recorded telephone calls, including those calls that referenced "Fruit," and both the court and defense counsel reminded the jurors that the question of voice identification was theirs to decide. Courts generally presume "that jurors, conscious of the gravity of their task, attend closely the particular

3

language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them." *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985).

Second, Fisher maintains that his counsel should have prevented the introduction of evidence that, he argues, implied he had previous encounters with law enforcement officials. As a general matter, we note that evidence of a defendant's nickname is appropriate for identification, so long as its admission otherwise conforms with Rule 403, and any prejudicial information attendant to the nickname is not overemphasized. *See United States v. Farmer*, 583 F.3d 131, 146 (2d Cir. 2009). Here, the prosecution did not overemphasize law enforcement officers' testimony concerning the basis of their knowledge of Fisher's nickname (which was highly probative information), but mentioned it briefly at closing argument in connection with the issue of identification. In addition, the court imposed limitations on this testimony, and the jury never learned that Fisher's prior arrest was drug-related. Thus, because the jury was not provided with any specific information concerning Fisher's prior contact with law enforcement, and because the evidence against Fisher was overwhelming, Fisher cannot demonstrate prejudice on this ground. *See also United States v. Mercado*, 573 F.3d 138, 142 (2d Cir. 2009) (identifying only nominal prejudice where the jury heard evidence concerning the defendant's prior sale of illegal firearms, which was only tangentially related to the defendant's charged drug offenses). Third, Fisher faults his trial counsel for failing to object to FBI Agent Aldenberg's conclusions (based on research rather than on firsthand experience) that Fisher purchased drugs from Colon and that Fisher was the person identified as "Fruit" in the intercepted phone calls. We acknowledge that Agent Aldenberg's statement that Fisher bought drugs from Colon was potentially improper, inasmuch as law enforcement officials may not ordinarily use the totality

of information gathered in the course of an investigation as the basis of an opinion as to a defendant's culpability. *See United States v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005). And, although it is a closer question, it may have been improper for Agent Aldenberg to offer opinion testimony that the voice on the tapes was in fact Fisher's. The failure successfully to exclude this testimony, however, does not rise to the level of ineffective assistance of counsel. Agent Aldenberg's identification of Fisher as the "Fruit" from the tapes and his statement that Colon sold drugs to Fisher were cumulative of Colon's testimony and of the audio recordings. Moreover, the prosecution's closing statement did not make improper use of Agent Aldenberg's stray comments. Indeed, because Fisher argued at trial that he and Colon were in a buyer-seller relationship, but that he did not participate in a larger conspiracy, Agent Aldenberg's testimony can hardly be deemed unduly prejudicial.

The last aspect of Agent Aldenberg's testimony that Fisher flags as problematic is Agent Aldenberg's statement that one of the cell phones Fisher used belonged to a person with a drug history, which Fisher claims his trial counsel could have prevented by foregoing the argument that Fisher used only two cell phones while his co-defendant had used over a dozen. Fisher fails to demonstrate that this testimony was prejudicial in light of the other evidence against him.

Viewed in aggregate, therefore, these alleged errors do not support a showing of prejudice. Even assuming that the alleged errors had not occurred, the jury would still have been presented with: (1) Colon's testimony that he regularly sold large quantities of cocaine to Fisher; (2) wiretapped conversations that document two consummated 500 gram cocaine deals and several attempted deals between Colon and an individual at times identified as "Fruit"; (3) Colon's verification of the events heard in the intercepted phone calls, including identification of

Fisher as his interlocutor; (4) independent confirmation (albeit without reference to Fisher's prior contact with law enforcement) that Fisher went by "Fruit"; and (5) testimony by the FBI agent who reviewed the recordings that the voice that Colon attributed to Fisher was internally consistent among the tapes. Given this evidence, Fisher cannot establish that, absent his trial counsel's purported errors, the jury "would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk