12-1120-cr
United States v. Pozuelos-Morales

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 13th day of June, two thousand thirteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            -v-                                      12-1120-cr

WENCESLADO POZUELOS-MORALES, AKA Jose Morales,
AKA Wemceslao Posuellos-Morales, AKA Jose Enrique Moralez,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:        Eileen F. Shapiro, Brooklyn, NY

Appearing for Appellee:         Preet Bharara, United States Attorney for the Southern
                                District of New York, Kathryn M. Martin, Brent S. Wible,
                                Assistant United States Attorneys, New York, NY

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Wenceslado Pozuelos-Morales appeals from his judgment of conviction entered March 15, 2012, alleging ineffective assistance of counsel at his sentencing hearing. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). While "ineffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial," *Massaro v. United States*, 538 U.S. 500, 501 (2003), this Court will reach an ineffective assistance claim that "is both straightforward and susceptible to resolution as a matter of law." *United States v. De La Pava*, 268 F.3d 157, 163 (2d Cir. 2001) (internal quotation marks and alteration omitted). "If an ineffective assistance claim brought on direct appeal is not plausible, we can reject it without any further factual development." *Ellerby v. United States*, 187 F.3d 257, 259 (2d Cir. 1998).

"In order to prove ineffective assistance of trial counsel, [Pozuelos-Morales] must show both that counsel's representation was unreasonable under the 'prevailing professional norms,' and that, but for counsel's incompetence, there is a reasonable probability that 'the result of the proceeding would have been different.'" *United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). "Actions and/or omissions taken by counsel for strategic purposes generally do not constitute ineffective assistance of counsel." *Gibbons v. Savage*, 555 F.3d 112, 122 (2d Cir. 2009) (citing *Strickland*, 466 U.S. at 690-91).

Current counsel argues that four actions by trial counsel amounted to ineffective assistance: (1) failure to submit a sentencing memorandum; (2) failure to direct the district court to U.S.S.G. § 5H1.3 as grounds for a downward departure; (3) statements made by counsel during the sentencing proceeding; and (4) failure to obtain Pozuelos-Morales's medical records. A review of the sentencing proceeding makes clear that counsel's decision not to submit a sentencing memorandum and not to seek a downward departure were strategic decisions that do not constitute ineffective assistance of counsel. *See Gibbons*, 555 F.3d at 122. As to the third argument, we conclude that, viewed in the context of sentencing counsel's effort to persuade the district court to impose on Pozuelos-Morales a sentence that would run concurrently with the sentence he was then serving, the arguments of counsel conform to "prevailing professional norms" and do not constitute ineffective assistance. *See Strickland*, 466 U.S. at 688.

As to current counsel's final argument regarding trial counsel's failure to obtain Pozuelos-Morales's medical records, all of the pertinent information that would have been included in the records was known to the lower court and both parties through the detailed Presentence Report. Current counsel does not point to any facts that would have supplemented the record by including the actual medical reports. Instead, counsel only argues that the records

2

would have "humanized [Pozuelos-Morales] in the eyes of the sentencing judge." Appellant's Br. at 13. As this information was already known to the sentencing judge, it was plainly within "prevailing professional norms" for trial counsel not to seek out redundant material. Moreover, even assuming that prevailing norms mandated that trial counsel obtain the medical records, there has been absolutely no showing of prejudice. Here, the district court had knowledge of and expressly considered the facts related to Pozuelos-Morales's background and physical and mental health. Therefore, we conclude that trial counsel was not constitutionally ineffective.

We have considered Pozuelos-Morales's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk