15-1579-cr
United States v. Anderson

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand eighteen.

PRESENT: DENNIS JACOBS,
REENA RAGGI,
PETER W. HALL,
             Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
United States of America,
        Appellee,

        -v.-                                        15-1579-cr

Keyewanie Blackledge, AKA Sealed Defendant 1, AKA Monster, Abdul Abdullah, AKA Sealed Defendant 2, AKA Dula, AKA Abdul Rahm Abdullah, Clement Boateng, AKA Sealed Defendant 4, AKA Clem, Frank Boateng, AKA Sealed Defendant 5, AKA White, Troy Carter, AKA Sealed Defendant 6, Malik Crocker, AKA Sealed Defendant 7, AKA Bread, Shondell Crocker, AKA Sealed Defendant 8, AKA Dell, Jonathan Cruz, AKA Sealed Defendant 9, AKA Fatboy Fresh, Jovan Fields, AKA Sealed Defendant 10,

1

AKA Mike Jones, Mark Frierson, AKA Sealed Defendant 11, Glen Gilliard, AKA Sealed Defendant 12, AKA Smoke, Daivon Henry, AKA Sealed Defendant 13, AKA Vontt, Larrington Henry, AKA Sealed Defendant 14, AKA Bebo, Markeen Jordan, AKA Sealed Defendant 15, AKA Kingo, Mario Martinez, AKA Sealed Defendant 16, AKA Dot, Maurice Martinez, AKA Sealed Defendant 17, AKA Young, Nathaniel Medina, AKA Sealed Defendant 18, AKA Nate, Robert Pizarro, AKA Sealed Defendant 19, AKA Drew, AKA True, Raymond Rodriguez, AKA Sealed Defendant 20, AKA Ray, Joshua Torres, AKA Sealed Defendant 21, AKA Looney, Benjamin Townes, AKA Sealed Defendant 22, AKA Benny, Shaquan Wilson, AKA Sealed Defendant 23, AKA Shay, Bertrille Lucas, AKA Kiki,

> **Defendants,**

Kwame Anderson, AKA Sealed Defendant 3, AKA Kwam,

> **Defendant - Appellant.**

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:** Peter J. Tomao, Esq., Garden City, New York.

**FOR APPELLEE:** Mollie Bracewell, Assistant United States Attorney for Joon H. Kim, acting United States Attorney for the Southern District of New York (Christopher J. Dimase, Daniel B. Tehrani, on the brief), New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be

2

**AFFIRMED** with respect to Anderson's principal sentence of 84 months in prison and **VACATED AND REMANDED** for the limited purpose of re-sentencing on the term of supervised release.

Kwame Anderson appeals from the judgment of the United States District Court for the Southern District of New York, sentencing him principally to 84 months' incarceration and five years' supervised release following his plea of guilty to the use of a firearm during and in relation to a conspiracy to distribute controlled substances. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Anderson was arrested in 2013 for his involvement in the Burnside Money Getters ("BMG"), a criminal drug gang in the Bronx. A wiretap investigation revealed that Anderson had acquired firearms for violent disputes and participated in multiple shootings. Anderson was charged in Superseding Indictment S2 with one count of conspiracy to distribute controlled substances and one count of using, possessing, carrying, brandishing, and discharging firearms during and in relation to a crime of violence, namely, a racketeering conspiracy involving the BMG. On May 8, 2014, Anderson consented to the filing of Superseding Information S5, and pled guilty before Magistrate Judge Netburn to the sole count of brandishing a firearm during and in relation to a drug trafficking conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court accepted the plea on May 14, 2014.

Six months later, Anderson moved to withdraw his plea under Rule 11. See Fed. R. Crim. P. 11(d)(2)(B). He contended that his plea was not knowing and voluntary chiefly because he was allegedly given misleading information by counsel. He also stated that he was innocent of the charge. The district court denied the motion and sentenced Anderson to the mandatory minimum sentence and a five year term of supervised release. We review a denial of a motion for plea withdrawal for abuse of discretion. See United States v. Torres, 129 F.3d 710, 714-15 (2d Cir. 1997).

A district court has discretion to allow a defendant to withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). There is no right to withdraw an accepted

3

plea, and "[t]he defendant has the burden of demonstrating valid grounds for withdrawal." United States v. Gonzalez, 647 F.3d 41, 56 (2d Cir. 2011). A guilty plea may be revisited if "the defendant has raised a significant question about the voluntariness of the original plea." United States v. Schmidt, 373 F.3d 100, 103 (2d Cir. 2004) (alteration and internal quotation marks omitted); see also Wilson v. McGinnis, 413 F.3d 196, 199 (2d Cir. 2005)("[A] guilty plea violates due process and is therefore invalid if not entered voluntarily and intelligently."). However, "bald statements that simply contradict what [the defendant] said at his plea allocution are not sufficient grounds to withdraw [a] guilty plea." Torres, 129 F.3d at 715. In evaluating withdrawal, courts must balance the defendant's proffered reasons against the strong interest in the "finality of guilty pleas and the presumption that sworn statements made in open court are true." Gonzalez, 647 F.3d at 57.

Anderson contends that his plea was not knowing and voluntary because Magistrate Judge Netburn did not make an express finding that the plea was "knowing and voluntary" at the plea allocution. He suggests that the court could not have done so because it was clear from contradictory statements during the plea colloquy that Anderson was confused about the nature of the charged criminal activity and did not understand the written statement prepared by his attorney.

The court did not abuse its discretion in finding that Anderson's plea was voluntary and intelligent. The magistrate judge's choice to formulate her findings without that particular phrase is of no moment; courts have flexibility in how they accept a plea and may do so in their "own words." United States v. Maher, 108 F.3d 1513, 1521 (2d Cir. 1997); see also McCarthy v. United States, 394 U.S. 459, 467 n. 20 (1969) (In Rule 11 inquiries, "matters of reality, and not mere ritual, should be controlling."). Likewise, the district court did not abuse its discretion in finding no impropriety in Anderson using a prepared script at his plea hearing, particularly where Anderson stated under oath that the document was "true and complete" and that he "agree[d] with everything that [he] ... read." J. App'x at 258; see, e.g., Ramos v. United States, 2010 WL 4922521, at *4 (S.D.N.Y. Nov. 24, 2010).

4

"What is essential, however, is that the court determine by some means that the defendant actually understands the nature of the charges."  Maher, 108 F.3d at 1521.  The magistrate judge adhered to all Rule 11 requirements for a plea colloquy, advising Anderson of his "right to plead not guilty, the rights waived by pleading guilty, and other specific consequences of pleading guilty, such as the maximum penalties he face[d]."  United States v. Youngs, 687 F.3d 56, 59 (2d Cir. 2012); see also Fed. R. Crim. P. 11(b); J. App'x at 247-53.  Moreover, notwithstanding any initial confusion over the phrase "agreement," Anderson unequivocally admitted to committing each element of a violation of 18 U.S.C. § 924(c), both by his own words and in his sworn prepared statement to the court.  J. App'x at 256, 258.

Nor did the district court err in rejecting Anderson's claim of "actual innocence."  Anderson contends on appeal that he could not have brandished a gun or participated in criminal activity on the day specified in his plea allocution, because he was still incarcerated.  But it is undisputed that Anderson was released on February 8, 2010 in the early afternoon, and he offers no concrete accounting for the time of the events in question.  Anderson's bare assertions, which contradict his "self-inculpatory statements made under oath at his plea allocution," do not establish his innocence and are insufficient to justify withdrawal of his guilty plea.  Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999); see also United States v. Hirsch, 239 F.3d 221, 225 (2d Cir. 2001).

Anderson also argues that he should be able to withdraw his plea in consideration of the ineffective assistance of his counsel at the plea hearing.  He claims that his counsel failed to ensure he understood the charge, and misrepresented his chances if he proceeded to trial.  These allegations are contradicted by the plea agreement, PSR, and a sworn statement submitted by his former counsel, all of which show that the appellant was fully informed, and that he understood each aspect of his guilty plea.

In any event, Anderson fails to show how any error in counseling or ineffective assistance resulted in prejudice that would support withdrawal of his guilty plea.  As to the particulars of the charge, the magistrate judge addressed the issues that Anderson contends his lawyer failed to

5

explain.  See Maher, 108 F.3d at 1520-21 (explaining adhere to Rule 11 for plea colloquy helps to ensure that plea is knowing and voluntary); see also Londono v. United States, No. 11 CV. 6773 CM, 2012 WL 2376456, at *5 (S.D.N.Y. June 21, 2012)(ineffective assistance of counsel null where the court provided the defendant with the necessary information at plea hearing).  And Anderson cannot fault counsel for failing to object to the acceptance of the plea, given that the procedure of the plea hearing was not deficient and attorneys cannot be required to lodge meritless objections. See United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999), abrogation on unrelated grounds recognized by United States v. Sekhar, 683 F.3d 436 (2d Cir. 2012).

As to Anderson's ineffective assistance claim citing his substitute attorney, Mr. Dinnerstein, we consider the record incomplete to resolve the question on the merits and therefore decline to hear the claim on this appeal.  See United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003); Ellerby v. United States, 187 F.3d 257, 259-60 (2d Cir. 1998).  Anderson may, of course, raise his ineffectiveness claim as a motion for habeas corpus pursuant to 28 U.S.C. § 2255.  See Massaro v. United States, 538 U.S. 500, 504-05 (2003)(noting that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance").

Lastly, the parties agree that Anderson is entitled to a limited remand on the issue of his term of supervised release.

We therefore **AFFIRM** the judgment of the district court with respect to Anderson's principal sentence of 84 months in prison and **REMAND** for the district court to resentence only on the supervised release component of his sentence.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6